JAMES H. PARKER & CO. v. MOORE.

(Circuit Court, D. South Carolina. October 21, 1903.)

**1. CONTRACTS—SALE OF COTTON FOR FUTURE DELIVERY—LEGALITY UNDER SOUTH CAROLINA STATUTE.**

Code S. C. 1902, §§ 2310, 2311, which provide that contracts for the sale of cotton for future delivery shall be void unless at the time it was the bona fide intention of both parties that the cotton so sold should be actually delivered and received, and that in any action to collect a claim based on such a contract the burden shall rest on the plaintiff to prove such intention, cannot be invoked by a defendant to defeat an action by brokers to recover money advanced as margins at his request to protect contracts for the purchase of cotton made for him by plaintiffs on the New York Cotton Exchange, by the rules of which it is expressly provided that the parties to such contracts shall be bound to deliver and receive the cotton sold, even though he testifies that he did not intend to receive the cotton bought, but merely to gamble on the market price, where it is shown that in each case he was notified that the purchase was made in conformity with such rules, and made no objection thereto, and did not disclose his real intention to plaintiffs.

At Law.

C. P. Sanders and T. P. Cothran, for plaintiffs.
Stanyarne Wilson and A. H. Dean, for defendant.

SIMONTON, Circuit Judge (orally charging jury). The plaintiffs, brokers of New York City, members of the New York Cotton Exchange, bring this action against the defendant. The cause of action is an account for sums of money paid by plaintiffs in keeping good the margins on future contracts in cotton made by them, as brokers, on the account of defendant, and under his instructions at his request. The answer of defendant denies all liability, because these contracts were usurious, and, under the law of South Carolina, absolutely void.

A future contract in cotton is not usurious and void if, under the terms of the contract, one party could insist upon the actual delivery of the cotton, and the other party could insist upon the actual receipt of the cotton. Of course, if this right existed under the contract, either party could waive it, and, instead of insisting on the actual presence of the cotton, could settle on the difference of values in money. The contracts in this case were made expressly under and subject to the rules of the New York Cotton Exchange. These rules contemplate and insist on the actual delivery of cotton under such contracts. So, on their face, these contracts were legal, and money paid on account of them could ordinarily be recoverable. The testimony shows, and it is not disputed, that when plaintiffs made each of the contracts in this case they reported it to the defendant, and each report contained a notice like this:

"Mr. W. A. Moore—Dear Sir: Under your instructions we have this day bought for your account and risk, in conformity with the rules and regulations of the New York Cotton Exchange:
"Quantity and Description:                                    Price:

"Please take notice that all orders for the purpose of sale of cotton, coffee, grain and provisions for future delivery, are received and executed with the

distinct understanding that actual delivery is contemplated, and the party giving the order so understands and agrees. It is further understood that on all marginal business the right is reserved to close transactions when margins are near exhaustion without notice."

Plaintiffs have put in evidence the rules of the New York Cotton Exchange, and the testimony of several parties, members of the exchange, as to the operation of these rules. Among other things, it appears that, when brokers make contracts on the floor of the exchange, they are personally bound, if they are not closed out, to keep them alive, on pain of suspension from the exchange. The items in the account sued upon are sums paid by plaintiffs on these contracts of defendant—keeping them alive, it is said, at his instance and under his instructions.

The defendant rests his defense on this: He swears that he never intended at any time to deliver or to accept the delivery of cotton under any of these contracts, and he relies upon an act of the Legislature of this state. This act declares every contract, bargain, or agreement of any kind for the sale at any future time of any cotton and certain other enumerated articles shall be void, unless the party contracting to sell is the owner of the cotton, or the agent of such owner, at the time of making the contract, or "unless it is the bona fide intention of both parties to the contract at the time of the making thereof that the said cotton," etc., so agreed to be sold shall be actually delivered in kind by the party contracting to sell, and shall be actually received in kind by the party contracting to receive the same, at the period in the future fixed by the contract. Code 1902, § 2310. Then comes the part of the act on which the defendant relies:

"In any and all actions brought in any court to enforce such contracts, or to collect any note, or any claim founded on such contract, the burden of proof shall be on the plaintiff to establish that at the time of making the contract it was the bona fide intention of both parties thereto that the said cotton so agreed to be sold should be actually delivered and received in kind by said parties at the future period mentioned therein." Code 1902, § 2311.

This is the law which controls us, and will decide this case, unless the defendant has so acted as to prevent him from shielding himself under the act. Pursuing the terms of this act, he, called as a witness in his own behalf, declares that he went into these contracts as a matter of speculation—gambling—and that he never at any time intended the actual delivery or actual receipt of the cotton. His object was the price in money. This declaration of his purpose has been made by the defendant at the trial. Now, you must examine this testimony, and see if defendant had given notice of this purpose to plaintiffs when these advances were made, or when the contracts were entered into. If he had given such notice to plaintiff, they cannot now recover. But if, in his dealings with plaintiffs, the defendant concealed from them this purpose—if he so acted with them and wrote to them as if he did not object to abiding by the rules of the New York Cotton Exchange—he cannot now, for the first time, set up his private purpose, to the injury of the plaintiffs. It would be a fraud for him to do so, and no man can take advantage of his own wrong. This case has been up in the Circuit Court of Appeals. They have

sent it back, among other things, to ascertain the nature of the dealings between these parties. Your conclusion upon this will determine your verdict. The defendant contends that during the correspondence he had recalled the authority to plaintiffs to keep alive these contracts. You will examine the correspondence, and, if you find this to be the fact, you will disallow any advances made after that time, in case you find the issues in favor of the plaintiffs.